**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| NAME: | GARDNER, VICTORIA HARWELL | CHAPTER 12 NO. 11-40659 |
| | d/b/a Lizmere South Mountain Farm | OUR FILE NO. 15031 |
| | d/b/a Lizmere Cavalier King Chas Spaniels | |
| ADDRESS: | 267 MELWOOD DRIVE | |
| | CASAR, NC 28020 | |
| SSN: | --- -- 1096 | |

**DEBTOR(S).**

_____

**AFFIRMATION OF O. MAX GARDNER, III**

Comes now O. Max Gardner, III and affirms that the attached proposed Confirmation Order was duly circulated to all parties on Tuesday, May 29, 2012 as ordered by the Court. The attorney for the Debtor also circulated copies to other parties who had filed a notice of appearance in this case but who had not appeared by attorney or in person at the Confirmation Hearing. After a number of suggestions and changes the attached represents the agreed final draft with all proposed changes, additions and deletions approved by all of the parties and counsel for the parties.

Gary Barnes, counsel for Ocwen Loan Servicing, LLC approved the proposed order via email communication on June 4, 2012 at 11:02 a.m. William Esser, counsel for Charles Jones Produce, LLC approved the proposed order conditioned upon one final revision via email communication on June 4, 2012 at 11:28 a.m. Such a revision was made and approved via email communication on June 5, 2012 at 3:31 p.m. Wesley Deaton, Counsel for First National Bank approved the proposed order via email communication on June 4, 2012 at 11:31 a.m. Steven G. Tate, Chapter 12 Trustee approved the proposed order via email communication on June 5, 2012 at 2:04 p.m. Keith Johnson, counsel for George and Rhonda Malkamus did not comment.

Dated this the 7th Day of June, 2012.

*/s/ O. Max Gardner, III*
_____
O. Max Gardner, III
MaxGardnerLaw, PLLC
NC State Bar No. 6164
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616/FAX (888) 870-1647
e-mail: maxgardner@maxgardner.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

**IN THE MATTER OF:**

| | | |
|---|---|---|
| **NAME:** | **GARDNER, VICTORIA HARWELL** | **CHAPTER 12 NO. 11-40659** |
| | d/b/a Lizmere South Mountain Farm | **OUR FILE NO.  15031** |
| | d/b/a Lizmere Cavalier King Chas Spaniels | |
| **ADDRESS:** | **267 MELWOOD DRIVE** | |
| | **CASAR, NC 28020** | |
| **SSN:** | **--- -- 1096** | |
| | | **DEBTOR(S).** |

_____

**ORDER AMENDING AND CONFIRMING CHAPTER 12 PLAN**

  **THIS CAUSE** coming on to be heard, and being heard, before the undersigned Judge presiding over the United States Bankruptcy Court for the Western District of North Carolina, Shelby Division, on Friday, May 25, 2012, at 11:00 o'clock a.m. in courtroom number 5 at the Cleveland County Courthouse and Law Enforcement Center, 100 Justice Place, and after proper notice to all parties;

  IT APPEARING to the undersigned that the following parties were represented by counsel who appeared in person at this hearing:  the Debtor was represented by Kerry Lowery and O. Max Gardner III of Max Gardner Law, PLLC; Charles Jones Produce LLC was represented by Will Esser of Parker Poe Adams & Bernstein, LLP;  Ocwen Loan Servicing, LLC, was represented by Gary Barnes and Katy Furr of Baker Donelson Bearman Caldwell & Berkowitz, PC and the Chapter 12 Trustee, Steven G. Tate, was present in person.  No other parties appeared in person or by counsel and no other parties have filed any objections to the First Amended Chapter 12 Plan of the Debtor or to the proposed Settlement between the Debtor and Ocwen Loan Servicing, LLC; and

  UPON CONSIDERATION of the record herein, and the statements and representations of the attorneys and the Chapter 12 Trustee, the Court makes the following:

**FINDINGS OF FACT**

  1.  The Debtor's original proposed Chapter 12 plan was filed with this Court on or about

December 27, 2011 and the Debtor's proposed First Amended Chapter 12 Plan was filed with this Court on May 14, 2012.  This Court entered an Order, without objection, allowing the Debtor to notice the First Amended Plan and the Motion to approve the settlement with Ocwen for hearing on Friday, May 25, 2012, at 11:00 o'clock a.m.  The First Amended Chapter 12 Plan and said Motion for Settlement was filed no later than May 14, 2012, and was served on all parties in interest. The Debtor, through counsel, therefore fully complied with this Order and the matters after due and proper notice are properly before this Court.

2.      The Debtor's First Amended Chapter 12 Plan complies with the applicable provisions of Title 11 of the United States Code and furthermore, the First Amended Chapter 12 Plan as modified in open court, further conforms to all applicable provisions of Chapter 12 of Title 11 of the United States Code, with the Federal Rules of Bankruptcy Procedure and with the Local Rules of this Court.  The Debtor meets all of the statutory requirements for a Debtor under Chapter 12 of the Bankruptcy Court and has fully complied with all of the pre-confirmation duties of a Chapter 12 Debtor as required by the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.  All of the required pre-petition documents, notices, forms, and other requirements have either been duly and properly filed with the Chapter 12 Trustee, filed with this Court, or otherwise waived by this Court or by the Chapter 12 Trustee.

3.      No parties have filed any timely objections to the First Amended Chapter 12 Plan and combined Motion to approve the Settlement between the Debtor and Ocwen.

4.      The Chapter 12 Trustee recommended the original Chapter 12 Plan for Confirmation at the conclusion of the 341(a) meeting of creditors and in open court at this hearing the said Chapter 12 Trustee recommended the First Amended Chapter 12 Plan for confirmation and the Ocwen settlements for approval by this Court.

5.      The Debtor's First Amended Chapter 12 Plan is incorporated in this Order by this reference as if fully set forth herein.

6.      The Debtor moved the Court in the First Amended Chapter 12 Plan to approve the permanent settlement agreements and loan modifications with Ocwen Loan Servicing LLC and the residential mortgage backed securitized trusts, (Deutsche Bank Trust Company Americas as the Indenture Trustee for the Registered Holders of Saxon Asset Securities Trust 2004-3 Mortgage Loan Asset Backed Notes, Series 2004-3, and Deutsche Bank Trust Company Americas as the Trustee for the Registered Holders of Saxon Asset Securities Trust 2003-3 Mortgage Loan Asset Backed Certificates Series 2003-3) as identified in the First Amended Chapter 12 Plan.  Sections 3.1 and 3.2 of the First Amended Plan deal with these settlements. The modification agreements on both the Shelby Property (the Webbley) and the Casar Property (Lizmere Farm) have been duly executed and returned to Counsel for Ocwen Loan Servicing, LLC.  The Debtor presented certified funds made payable to Ocwen Loan Servicing LLC in the sum of $3,771.66 as provided for by Section 3.1 of the First Amended Plan and, although due on May 27, 2012, the same was tendered at the instant hearing upon verbal confirmation of the First Amended Chapter 12 Plan and approval of the Ocwen settlement.  Counsel for the debtor noted for the record that each of the foregoing loans was a first priority deed of trust. Counsel for Ocwen noted for the record that he accepted the official bank check tendered pursuant to the settlement agreement and on behalf of Ocwen.  The court finds that the settlement agreements with Ocwen on both of the loans are fair and reasonable, are in the best interest of the other secured, priority and unsecured creditors in this case, and also substantially enhance the probability that the Debtor will be in a position to fully comply with the terms and conditions of the First Amended Chapter 12 Plan and proceed forward to a final discharge.  The Court further notes and approves the settlements with Ocwen as reflected in the First Amended Chapter

12 Plan as permanent modifications of both of the first mortgage loans on the Shelby and Casar properties with said permanent modifications only contingent on Confirmation of the said First Amended Chapter 12 Plan and on approval of the settlement agreements (which both matters are approved by the instant Order).

   7. Counsel for the Debtor stated in open court that the First Amended Chapter 12 Plan does not seek to modify the terms of the original secured mortgage loan documents with respect to the First National Bank of Shelby, George and Rhonda Malkamus, and Charles Jones Produce, LLC.  The First Amended Chapter 12 Plan will not and does not modify the contractual interest rates to these parties as established by the original mortgage notes or the amounts owed under those notes.  Counsel for the Debtor also noted that the Adequate Protection payments as provided for in the Plan for these parties are based on an interest rate of 4.00 percent per annum and that said payments are to be applied by these parties against the interest that accrues under their respective contractual documents and loan agreements.  Finally, and except as otherwise provided in this Order or the First Amended Chapter 12 Plan, any and all contested cases or matters related to the confirmation of the First Amended Chapter 12 Plan and currently pending or that could or might be asserted before this Court and prior to the entry of this Order between the Debtor and the First National Bank of Shelby and between the Debtor and George and Rhonda Malkamus and between the Debtor and Charles Jones Produce, LLC, are hereby deemed settled and resolved by entry of this Order of Confirmation of the First Amended Chapter 12 Plan.

   8. Pursuant to the request of the Chapter 12 Trustee, the Debtor verbally amended the First Amended Chapter 12 Plan in open court at the hearing by removing completely Sections 7.1 through 7.7, dealing with the proposed special injunction for the non-filing spouse.  No creditors have objected to this provision so the removal does not require any notice and its removal has no impact on their rights as provided for under the First Amended Chapter 12 Plan with respect to payments, adequate protection, the amount of their claims, the payment of their claims, or otherwise. Such modification of the First Amended Chapter 12 Plan is therefore approved without further notice or hearing and any other provisions of the First Amended Chapter 12 Plan that specifically refer to the special stay noted in Sections 7.1 through 7.7 are also deemed to be removed by the actions of counsel for the Debtor as noted herein.

   9. Finally, under General Provisions Section 15 of the First Amended Chapter 12 Plan, the Debtor stated in open court for the record that this term is only applicable to the two Ocwen claims, which will be receiving monthly payments under the Chapter 12 Plan, and the Debtor has requested, as noted in paragraph 10 below, and pursuant to the terms of the settlement with Ocwen, that these payments be made direct to Ocwen by the Debtor as opposed to being made as conduit payments by the Chapter 12 Trustee.

   10. Counsel for the Debtor also specifically requested this Court to approve the direct mortgage payments to Ocwen on both the Shelby and Casar first mortgage loans, as modified by the settlement agreements, rather than requiring those payments to be made as conduit payments through the Chapter 12 Trustee. Counsel stated that such payments must be made direct in order to comply with the terms and conditions of the Ocwen settlements.  The Chapter 12 Trustee in open court noted he had no objection to such direct payments and therefore the conduit payment requirements on these two mortgage loans be and the same are hereby waived.

   11. As part of the settlements with Ocwen, the First Amended Chapter 12 Plan provides that all objections to Ocwen's Proofs of Claim, all objections to the original Chapter 12 Plan or any possible objections to the First Amended Chapter 12 Plan, all contested matters between the parties, and all other claims or disputes between the parties, other than the new obligations as established by the modified loan agreements, whether such claims are known or unknown, asserted or not asserted in this case,

discoverable or not yet discovered, have been fully and finally released and forever waived as more particularly described in the written settlement and loan modification agreements and that the parties will file proper dismissals with prejudice of all such pending matters of record before this Court subsequent to the entry of this Order as provided for in the written settlement agreement.

12. All of the parties present at this hearing also agreed and consented to the Amendment of the First Amended Chapter 12 Plan in open court so as to provide that all of the pre-petition foreclosure proceedings as identified in Section 3.7 of the First Amended Chapter 12 Plan will be dismissed by the respective parties, without prejudice, within 10 days of the day upon which this order becomes a final and non-appealable order, which date shall be fourteen (14) days from the date of the entry of this Order by this Court.

13. The Court notes that it ordered counsel for the Debtor to circulate a copy of this Order to all of the parties who appeared by counsel at this hearing; that such actions have been duly undertaken, and that both the form and substance of this order have been approved by all such parties. The attorney for the Debtor also circulated copies to other parties who had filed a notice of appearance in this case but who had not appeared by attorney or in person at this Confirmation Hearing and the attorney for the First National Bank of Shelby made one requested change to the form but not the substance of the order, which change has been approved by all parties who did in fact appear.

14. The Chapter 12 Trustee noted in open court that he would subsequently be requesting the standard Chapter 12 Trustee commission of 5 percent in this case, but specifically reserved the right to apply for any additional reasonable and necessary fees and expenses for his office in the future in and when such a request became necessary. No parties in interest present for this hearing lodged any objections to this request and therefore the same is hereby approved.

**Based upon the foregoing, IT IS HEREBY ORDERED as follows:**

1. The proposed First Amended Chapter 12 Plan, as modified and amended in open court as noted in this Order, be and the same is hereby CONFIRMED in all respects and all of the said amendments are hereby approved and are made a part of the Confirmed First Amended Chapter 12 Plan without any further necessity for the Debtor to file a Second Amended Chapter 12 Plan with this Court. The First Amended Chapter 12 Plan be and the same is hereby deemed Amended to be consistent with all of the approved verbal amendments as provided for in this Order of Confirmation.

2. The Debtor qualifies to be a debtor under Chapter 12 of Title 11 of the United States Code and has fully complied with all of the duties imposed on a Chapter 12 Debtor under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and any and all other rules, statutes and regulations.

3. The terms of the written settlement and loan modification agreements with Ocwen Loan Servicing, LLC be and the same are APPROVED and are hereby declared to be permanent and are not contingent on any other future event, matter or thing, including the entry of a discharge order in this case, and the parties stipulate to the withdrawal with prejudice of all objections to claims, motions, discovery, and objections to confirmation to the Original Chapter 12 Plan or to the First Amended Chapter 12 Plan by Ocwen and shall file Stipulations so stating.

4. Ocwen Loan Servicing, LLC and Charles Jones Produce, LLC shall file dismissals of the pending state court foreclosure special proceedings without prejudice within 10 days of the date that this Confirmation Order becomes a final and non-appealable order, which date shall not be before 14 days

after the entry of this Order.

     5.     Section 15 of the General Terms and conditions of the First Amended Chapter 12 Plan only applies to Ocwen on the two first mortgage loans on the real properties of the Debtor.

     6.     Sections 7.1 through 7.7 and any and all provisions in the First Amended Chapter 12 Plan that refer to said Sections be and the same are hereby removed from and shall not be part of the First Amended Chapter 12 Plan as Confirmed herein.  The last sentence of Section 13 of the General Terms and Conditions of the First Amended Chapter 12 Plan is also removed in connection with the removal of the entirety of Sections 7.1 to 7. 7 to the extent it provided for an expanded co-debtor stay injunction that was previously provided for by Sections 7.1 to 7.7 of the First Amended Chapter 12 Plan.  Any other provisions of the First Amended Chapter 12 Plan that also were consistent with removed Sections 7.1 to 7.7 of the expanded co-debtor stay are also removed from the Confirmed Plan as provided for in this Order of Confirmation.

     7.     The Debtor shall not be required to file a Second Amended Chapter 12 Plan to be consistent with the verbal amendments approved herein, as the said Chapter 12 Plan is hereby deemed amended by virtue of the entry of this Order of Confirmation and the Debtor shall not be required to provide notice of said verbal amendments to any parties in interest other than by serving all such parties in interest in this case with a true and accurate and filed copy of this Order of Confirmation and by filing a proper certificate of service thereof with this Court.

     8.     Nothing in the First Amended Chapter 12 Plan or this Confirmation Order shall be construed to modify or amend the rights of Charles Jones Produce, LLC under the terms of its existing loan documents or state law.  Charles Jones Produce, LLC specifically reserves all rights under those loan documents, as well as its rights to contest the collateral values listed in the First Amended Chapter 12 Plan.  Charles Jones Produce, LLC additionally reserves its rights with regard to seeking allowance of all post-petition fees, costs, and interest in accordance with 11 U.S.C. § 506(b) or other applicable law and the Debtor and the Chapter 12 Trustee reserve any and all rights to object and to contest such fees and charges.  Nothing in the First Amended Chapter 12 Plan as modified by the Debtor at the Confirmation hearing or in this Confirmation Order shall prohibit Charles Jones Produce, LLC from immediately pursuing any rights it may have under the loan documents with regard to the non-filing spouse of the Debtor.

     9.     The standard compensation for Steven G. Tate as Chapter 12 Trustee is fixed at 5% but the said Chapter 12 Trustee is hereby granted the right to apply for any additional reasonable and necessary expenses his office could or might incur in monitoring this Chapter 12 case.

     10.     The Chapter 12 Trustee shall receive and disburse funds pursuant to the terms of the Confirmed Chapter 12 Plan, the applicable provisions of Title 11 U.S.C., and any relevant administrative orders now in effect and that may be entered in the future.

     11.     The Debtor's obligation to make the mortgage payments to Ocwen under the Shelby and Casar loan modifications as conduit payments through the Chapter 12 Trustee be and the same is hereby waived and the Debtor shall make all such payments as provided for in the Ocwen settlement agreement and in the Ocwen Loan modification documents.

     12.     This Confirmation Order shall constitute the required findings of fact and conclusions of law and all parties in interest have waived any requirement of a separate order of such findings of fact and conclusions of law and have agreed that this Court may enter one order that includes such findings and

conclusions and further constitutes an Order of Confirmation of the First Amended Chapter 12 Plan, as modified at the Confirmation Hearing..

      13.    The First Amended Chapter 12 Plan as modified herein is in the best interest of all creditors and other parties in interest and is fully consistent with all applicable law and rules and therefore should be and is hereby Confirmed.

**IT IS THEREFORE SO ORDERED.**

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order

United States Bankruptcy Court

# CERTIFICATE OF SERVICE

    **CASEY J. HOPPER, Legal Assistant**, hereby certifies to the Court as follows:
1.     I am not a party for the foregoing proceeding;
2.     I am not less than 18 years of age;
3.     I have this day served a copy of the foregoing **ORDER CONFIRMING PLAN**

on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, (or by certified mail, return receipt, postage prepaid, as indicated below), addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Victoria Harwell Gardner
P O Box 1000
Shelby, NC 28151-1000

**And via the Court's Electronic Case Filing System to:**

Mathias Hunoval
Attorney for Ocwen
501 Minuet Lane, Suite 104-A
Charlotte, NC 28217

Gary A. Barnes, Esq.
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
Attorneys for Ocwen
1600 Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326

Wesley L. Deaton
Attorney for First National Bank
Pendleton, Pendleton & Deaton, PA
Post Office Box 2459
Denver, NC 28037

Will Esser
Attorney for Charles Jones Produce, LLC
Parker Poe
Three Wells Fargo Center
401 South Tryon St., Suite 3000
Charlotte, NC 28202

R. Keith Johnson
Attorney for George H. Malkamus
1275 Hwy. 16 S.
Stanley, NC 28164

Steven G. Tate, Trustee
212 Cooper St.
Statesville, NC 28677

Linda Simpson, Bankruptcy Admin.
402 W. Trade St., Room 200
Charlotte, NC 28202-1664

      4.      I have also this day served a copy of the foregoing **ORDER CONFIRMING PLAN** on all creditors listed on the master mailing matrix, in the same manner and method as described in paragraph number 3 above;

      5.      To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;

      6.      Service as outlined herein was made within the United States of America.

This the _____ day of _____, 2012.

_____
Casey J. Hopper, Legal Assistant
MaxGardnerLaw, PLLC
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616

MASTER MAILING MATRIX ATTACHED HERETO

**CERTIFICATE OF SERVICE**

  **Casey J. Hopper** hereby certifies to the Court as follows:
1.   I am not a party for the foregoing proceeding;
2.   I am not less than 18 years of age;
3.   I have this day served a copy of the foregoing **AFFIRMATION OF O. MAX GARDNER, III** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, (or by certified mail, return receipt, postage prepaid, as indicated below), addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Victoria Harwell Gardner
P O Box 1000
Shelby, NC 28151-1000

**And via the Court's Electronic Case Filing System to:**

Mathias Hunoval
Attorney for Ocwen
501 Minuet Lane, Suite 104-A
Charlotte, NC 28217

Gary A. Barnes, Esq.
Attorney for Ocwen
1600 Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326

Wesley L. Deaton
Attorney for First National Bank
Post Office Box 2459
Denver, NC 28037

Will Esser
Attorney for Charles Jones Produce, LLC
Three Wells Fargo Center
401 South Tryon St., Suite 3000
Charlotte, NC 28202

R. Keith Johnson
Attorney for George H. Malkamus
1275 Hwy. 16 S.
Stanley, NC 28164

Steven G. Tate, Trustee
212 Cooper St.
Statesville, NC 28677

Linda Simpson, Bankruptcy Admin.
402 W. Trade St., Room 200
Charlotte, NC 28202-1664

4.   To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;
5.   Service as outlined herein was made within the United States of America.

This the 7th day of June, 2012.

/S/ Casey J. Hopper
Casey J. Hopper, Legal Assistant
MaxGardnerLaw, PLLC
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616