**B104 (FORM 104) (08/07)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Charles Lee Jones <br> Charles Jones Produce, LLC | **DEFENDANTS** <br> O. Max Gardner, III |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> William E. Moore, Jr. <br> David W. Smith <br> Gray Layton <br> P O Box 2636 <br> Gastonia, NC 28053-2636 | **ATTORNEYS** (If Known) <br> KERRY LOWERY <br> O. MAX GARDNER, III <br> MAXGARDNERLAW, PLLC <br> P.O. BOX 1000 <br> SHELBY, NC 28151-1000 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> **X** Creditor    ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    **X** Other **Non-filing Co-Debtor** <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> Determination of Removed Case ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property** <br> ☐11- Recovery of money/property - §542 turnover of property <br> ☐12- Recovery of money/property - §547 preference <br> ☐13- Recovery of money/property - §548 fraudulent transfer <br> ☐14- Recovery of money/property – other | **FRBP 7001(6) – Dischargeability (continued)** <br> ☐ ☐ 61-Dischargeability - §523(a)(5), domestic support <br> ☐ ☐68-Dischargeability - §523(a)(6), willful and malicious injury <br> ☐ ☐ 63-Dischargeability - §523(a)(8), student loan <br> ☐ ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** <br> ☐ 21-Validity, priority or extent of lien or other interest in property | ☐ ☐63-Dischargeability - other <br><br> **FRBP 7001(7) – Injunctive Relief** <br> ☐ ☐71-Injunctive relief – reinstatement of stay |
| **FRBP 7001(3) – Approval of Sale of Property** <br> ☐31-Approval of sale of property of estate and of a co-owner-§363(h) | ☐72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** <br> ☐ 41-Objection / revocation of discharge - § 727(c), (d), (e) | **FRBP 7001(8) – Subordination of Claim or Interest** <br> ☐ ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** <br> ☐ 51-Revocation of confirmation | **FRBP 7001(9) – Declaratory Judgment** <br> ☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** <br> ☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims | **FRBP 7001(10) – Determination of Removed Action** <br> **1** 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability-§523(a)(4),fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* |
| **(continued next column)** | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $TO BE DETERMINED BY THE COURT |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Victoria Harwell Gardner | | BANKRUPTCY CASE NO.<br>11-40659 | |
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN DISTRICT OF NORTH CAROLINA | | DIVISIONAL OFFICE<br>SHELBY | NAME OF JUDGE<br>CRAIG WHITLEY |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PENDING | | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/S/ Kerry Lowery<br>/S/ O. Max Gardner, III | | | |
| DATE<br>JULY 27, 2012 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>KERRY LOWERY<br>O. MAX GARDNER, III | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing a adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs this information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

IN THE MATTER OF:

| | | |
|---|---|---|
| NAME: | GARDNER, VICTORIA HARWELL | CHAPTER 12 NO. 11-40659 |
| | d/b/a Lizmere South Mountain Farm | OUR FILE NO. 15031 |
| | d/b/a Lizmere Cavalier King Chas Spaniels | |

ADDRESS:    267 MELWOOD DRIVE
            CASAR, NC 28020

SSN:        --- -- 1096
                                        **DEBTOR.**
_____

**CHARLES LEE JONES AND
CHARLES JONES PRODUCE, LLC**

                **PLAINTIFFS**               Adversary Proceeding: 12-_____
VS.

**O. MAX GARDNER, III**

                **DEFENDANT**
_____

**DEFENDANT'S NOTICE OF REMOVAL
OF CASE TO THE UNITED STATES BANKRUPTCY COURT**

Comes now the Defendant by and through counsel and pursuant to 28 U.S.C § 1452 and FRBP 9027(a)(2) and hereby gives Notice of Removal of case number 12-CvS-2500 of the General Court of Justice, Superior Court Division, Gaston County, North Carolina to the United States Bankruptcy Court, Western District of North Carolina, Shelby Division, and states the following grounds for removal:

1.   On or about June 20, 2012 the Plaintiffs commenced a civil action against the above-named Defendant and non-filing co-debtor in Chapter 12 bankruptcy case number 11-40659 filed in the United States Bankruptcy Court, Western District of North Carolina, Shelby Division.  The civil action was filed in the General Court of Justice, Superior Court Division, Gaston County, North Carolina.  The Case is identified on the records of that Court as case number 12-CvS-2500 ("the state court civil action"). Service of process of the case occurred on July 2, 2012, by an Acceptance of Service of Process form signed by Defendant.

2.   A voluntary petition under Chapter 12 of the United States Bankruptcy Code was filed by the Defendant's spouse on October 18, 2011, and an Order for relief was issued by the United States Bankruptcy Court for the Western District of North Carolina on that same date.

3.   The Plaintiffs in the state court civil action are creditors of the Defendant and Defendant's spouse and duly listed in the Debtor's petitions and schedules as having claims secured by real estate owned jointly by the Defendant and his spouse, evidenced by a

Consumer Mortgage Note and deeds of trust. The real estate is property of the bankruptcy estate.

4. In the underlying bankruptcy case, the Defendant, the Chapter 12 Debtor and the Plaintiffs, by and through their attorney, entered into extensive discussions, negotiations, communications and meetings on multiple occasions regarding the Plaintiffs' sworn Proof of Claim and the amendment thereto; the Plaintiffs' possible objection to the Plan; the 341(a) Meeting of Creditors; the Plaintiffs' 2004 Examination of the Debtor; the terms of a settlement agreement between the Debtor, Defendant and the Plaintiffs regarding treatment of Plaintiffs' claim through the Chapter 12 case; certified appraisals of the Debtor's and Defendant's real estate; the Plaintiffs' possible objection to the Debtor's First Amended Chapter 12 Plan; further amendments to the First Amended Plan; numerous extensions of time for Plaintiffs to file a Motion to Dismiss the case or an Objection to the Plan; the Confirmation hearing and the drafting of the Order of Confirmation.

5. Specifically, the parties agreed to delete and remove Section 7.01 from the Chapter 12 Plan regarding the expanded co-debtor stay and agreed that the Plaintiffs' debt would not be covered by the co-debtor stay of Section 1201 of the Code and that Plaintiffs could proceed, upon confirmation of the First Amended Plan and the end of the time to appeal, to file a complaint in state court against the non-filing co-debtor for the amounts owed under the subject Consumer Mortgage Note and for no other claims or causes of action.

6. The Debtor and the non-filing co-debtor relied on specific statements of Plaintiffs' counsel that if the parties would agree to delete and remove Section 7.01 from the Chapter 12 Plan regarding the expanded co-debtor stay and would agree that the Plaintiffs' debt would not be covered by the co-debtor stay of Section 1201 of the Code, then Jones and Charles Jones Produce would proceed, upon confirmation of the First Amended Plan and the end of the time to appeal, to file a complaint in state court against the non-filing co-debtor for the amounts owed under the subject Consumer Mortgage Note and for no other claims or causes of action.

7. The Defendant alleges that the allegations asserted by the Plaintiffs in the state court civil action filed on June 20, 2012 against the non-filing co-debtor are totally and completely inconsistent with extensive sworn statements, legal positions, settlement negotiations, representations, warranties, assertions, statements by counsel, and other matters taken by Plaintiffs in connection with the Chapter 12 case and the confirmation of the First Amended Chapter 12 Plan by order dated June 11, 2012.

8. The Debtor and the non-filing co-debtor would never have agreed to the overall settlement had Jones and Charles Jones Produce disclosed in judicial pleadings and sworn proofs of claim or in the settlement negotiations or in the final settlement agreement if they had known that Jones and Charles Jones Produce held or asserted or even claimed to hold and assert any claims or causes of action against the non-filing co-debtor other than a claim for the amounts owed under the subject Consumer Mortgage Note.

9. The Defendant alleges that the allegations asserted by the Plaintiffs in the state court civil action filed on June 20, 2012 against the non-filing co-debtor were not disclosed to the Bankruptcy Court at any time during the pendency of the Chapter 12 case; not disclosed in the sworn Proof of Claim filed by the Plaintiffs or the amendment thereto; not disclosed in any objection to the Plan; not disclosed in any of the negotiations regarding the terms of a settlement agreement between the Debtor, Defendant and the Plaintiffs; not disclosed in any objection with respect to the filing of the First Amended Chapter 12 Plan; not disclosed in any of the negotiations regarding further amendments to the First Amended Plan and the confirmation thereof; not disclosed with respect to any of the settlement discussions with the Defendant on the Consumer Mortgage Note; not disclosed in connection

with any offers of settlement made to the Defendant; and not otherwise disclosed in any shape, manner or form in connection with the entry of the Order of Confirmation of the First Amended Plan on June 11, 2012.

10. The complaint filed in state court seeks to recover damages for a breach of contract claim, negligence and fraud, among other claims for relief, which claims are disputed by the Defendant. The state court civil action further seeks to derive an unfair advantage and impose an unfair detriment on the Chapter 12 Debtor, the non-filing co-debtor, the Chapter 12 Trustee, and the other creditors in this case.

11. The Debtor alleges that at all times relevant herein the Plaintiffs willfully, intentionally and in bad faith concealed from the Debtor, the non-filing co-debtor, the attorney for the Debtor, the Chapter 12 Trustee and this Court the existence of any claim or claims for relief against the non-filing co-debtor other than a claim for the amounts due under the subject Consumer Mortgage Note and deeds of trust.

12. All references to such additional claims or causes of action were intentionally omitted from any pleadings or claims filed with this Court, from any settlement negotiations with the Debtor's counsel, from the terms and conditions of the final settlement agreement with Jones and Charles Jones Produce, and from any terms or conditions in the confirmed First Amended Plan as further amended and approved by this Court.

13. The First Amended Chapter 12 plan as confirmed by the Bankruptcy Court on June 11, 2012 is supported by the financial contributions of the non-filing co-debtor and the Defendant herein and the state court civil action impairs the ability of the Debtor to consummate the Plan and secure a discharge.

14. The state court civil action is not only detrimental to the Chapter 12 Debtor but to the creditors of the Debtor. Such actions also severely and seriously impair the integrity of the entire judicial process in the bankruptcy system. Furthermore, some of the claims asserted in the said state court civil action seek to impose liens or claims on property of the bankruptcy estate in direct violation of the automatic stay provided for by 11 USC Section 362(a) and are furthermore in contempt of the Order of Confirmation of the First Amended Chapter 12 Plan.

15. Contemporaneously with this Notice of Removal, the Chapter 12 Debtor has filed an adversary proceeding in the Chapter 12 case for, among other things, a declaratory judgment that the Plaintiffs are judicially estopped from pursuing the relief sought in the state court civil action.

16. Pursuant to FRBP 9027(a)(1), the Defendant states:

    a. he is entitled to remove this matter for the reasons stated above;

    b. this proceeding is a core proceeding; and

    c. Defendant consents to be bound by a final order or judgment of the Bankruptcy Court;

    d. the Defendant will file a copy of all process and pleadings in the near future[1]; and

---

[1] Defendant is in the process of checking out the court file, will copy it and then scan the entire file to be filed with this court.

    e. a copy of this Notice will be filed immediately with the Clerk of Superior Court, Gaston County, North Carolina.

  17. Pursuant to FRBP 9027(a)(3) this Notice is filed within 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed as the Defendant signed an Acceptance of Service of Process form on July 2, 2012.

  18. Pursuant to FRBP 9027(b) the Defendant hereby gives notice to all adverse parties and will file a copy of this notice with the clerk of the state court.

  19. Pursuant to FRBP 9027(c) a copy of this notice is being filed on all parties in the pending state court case.

  20. A copy of the pending state court file in pdf format will be filed with the Bankruptcy Court as soon as possible after the filing of this notice.

  Wherefore Defendant hereby gives notice of removal of this action.

Dated this the 27th day of July, 2012.

/S/ Kerry Lowery
Kerry Lowery
Attorney for the Debtor and Defendant
N.C. State Bar No. 41032
Kerry Lowery Law Offices
Annex B-Carriage House
403 S. Washington Street
Shelby NC 28150


/S/ O. Max Gardner, III
O. Max Gardner III
Max Gardner Law PLLC
Attorney for the Debtor
NC State Bar No: 6164
PO Box 1000
Shelby NC 28151-1000

# CERTIFICATE OF SERVICE

Casey J. Hopper, Legal Assistant, hereby certifies to the Court as follows:
1. I am not a party to the foregoing proceeding;
2. I am not less than 18 years of age;
3. I have this day served a copy of the foregoing **NOTICE OF REMOVAL** on all parties in interest, including the Trustee, Bankruptcy Administrator, and Debtor, as the same are shown below, by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession:

Victoria Gardner
P O Box 1000
Shelby, NC 28151-1000

William E. Moore, Jr.
David W. Smith
Gray, Layton, Kersh, Solomon, Furr & Smith, P.A.
Post Office Box 2636
Gastonia, NC  28053-2636

Gaston County Clerk of Superior Court
325 N. Marietta St.
Gastonia, NC 28052

**And via the Court's Electronic Case Filing System to:**

Steven G. Tate
CHAPTER 12 TRUSTEE
212 Cooper St.
Statesville, NC 28677

Linda Simpson. Bankruptcy Administrator
402 West Trade St., Suite 110
Charlotte NC 28202-1664

4. To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;
5. Service as outlined herein was made within the United States of America.

This the 27th day of July, 2012.

/S/ Casey J. Hopper
Casey J. Hopper, Legal Assistant
MaxGardnerLaw, PLLC
P.O. Box 1000
Shelby, NC 28151-1000
(704) 487-0616